UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JAYME AND TODD DODGE, | ) |  |
|---|---|---|
| Plaintiffs | ) ) ) ) |  |
| v. | ) ) | 1:17-cv-00274-JAW |
| WATERFRONT CONCERTS, LLC, et al., | ) ) ) ) |  |
| Defendants | ) |  |

**DECISION AND ORDER ON MOTION TO AMEND**

In this action, Plaintiffs Jayme and Todd Dodge seek to recover damages for injuries allegedly sustained during an incident that occurred on July 31, 2015, at the Darling's Waterfront Pavilion in Bangor.

The matter is before the Court on Plaintiffs' Motion to Amend Complaint, through which motion Plaintiffs seek to join a John Doe defendant. (ECF No. 20.) Defendants oppose the motion.

**Background**

Plaintiffs allege that some of the individual defendants assaulted them while providing security services during a concert on July 31, 2015. (Second Amended Complaint, ECF No. 5.) As alleged, Defendant Bell directed Defendant Gagne to have Plaintiffs removed from the concert venue, and Defendants Bernosky, Bridges, Maley, and

Jane Doe removed Defendants as directed. (*Id.* ¶ 26.) Plaintiffs assert various additional claims, including civil rights violations, against all of the defendants.

In support of the motion to amend, Plaintiffs represent that in his recent deposition, Plaintiff Todd Dodge testified that a male security guard, who has not yet been identified, kicked and directed vulgarities toward Mr. Dodge while Mr. Dodge was on the ground. (Plaintiffs' Reply ¶ 2.) Plaintiffs request leave to join the unidentified security guard as a John Doe defendant.

On August 23, 2017, the Court issued a scheduling order, which designated November 8, 2017, as the deadline for amendment of the pleadings and joinder of parties. (ECF No. 7.) Although the Court, on two occasions, has amended the scheduling order at the parties' request, the Court did not extend the deadline for the amendment of the pleadings and joinder of the parties. (ECF Nos. 9, 11.) The discovery deadline is June 14, 2018. (ECF No. 11.)

**Discussion**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party can amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, leave of court is required. Fed. R. Civ. P. 15(a)(2). In such a case, a court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

2

allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for the amendment of pleadings. When a party files a motion to amend after the deadline established for amendments in the scheduling order, the party must demonstrate good cause to amend the scheduling order. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). A court's assessment of good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

In assessing whether good cause exists in this case, the Court notes that Plaintiff Todd Dodge was evidently aware of the potential John Doe defendant's involvement in the July 31, 2015, incident when the incident occurred. That is, according to Plaintiffs, Plaintiff Todd Dodge disclosed the actions of the proposed defendant during his deposition. (Reply ¶¶ 2, 3.) Plaintiffs cannot reasonably argue that they were unaware of a possible

3

claim against the proposed John Doe defendant until the deposition. In addition, because Plaintiffs seek to join a John Doe defendant, the Court lacks any information about the individual, including his current location, his availability, and his possible discovery needs. The Court, therefore, cannot assess the impact of the proposed amendment on the future course of the case. Under the circumstances, particularly given the impending discovery deadline, which has been extended on two occasions, Plaintiffs have failed to establish the required good cause to amend the scheduling order to permit the joinder of the proposed John Doe defendant.[1]

## Conclusion

Based on the foregoing analysis, the Court denies Plaintiffs' Motion to Amend. (ECF No. 20.)

## NOTICE

Any objections to this Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of May, 2018.

---

[1] The Court recognizes that discovery is ongoing and that discovery could reveal the identity of the proposed John Doe defendant. If the identity is revealed and further information is learned about the proposed John Doe's alleged involvement in the incident and his circumstances, Plaintiffs can renew their request to amend, and the Court will assess the merit of any such request under the facts and circumstances presented at that time.